Merrimack,
No. 6020.

MARGUERITE HALLET

*v.*

FRED JOHNSON, DIRECTOR
DIVISION OF MOTOR VEHICLES.

April 30, 1971.

*Upton, Sanders & Upton* and *Gary B. Richardson* ( Mr. Richardson orally ) for the plaintiff.

*Warren B. Rudman,* Attorney General, and *Judith D. Mulligan,* Attorney, for the State of New Hampshire.

GRIFFITH, J. This is a petition for restoration of the motor vehicle operator's license of Marguerite Hallet which had been revoked by Fred Johnson, Director of Motor Vehicles of the State of New Hampshire. The petition was submitted to the trial court on agreement by the parties that the facts alleged in the petition were correct. The Trial Court ( *Bownes,* J. ) made certain rulings and granted the plaintiff's petition. The State was granted leave to appeal by the trial court who reserved and transferred the State's exceptions to his rulings and order restoring plaintiff's license.

Plaintiff was arrested on January 16, 1968 in Concord and charged with operating a motor vehicle while under the influence of intoxicating liquor. At the police station she was permitted to call her attorney by telephone who advised her of her right to remain silent and that if she were requested to submit to a chemi-

cal test of her blood or urine to submit to a urine test. The officers of the Concord Police Department requested her to submit to a blood test and told her that her refusal to take the test would result in a revocation of her license for ninety days. Although she was informed of her right to have a test by a person of her own choosing she was not requested to take a urine test nor did she request to take such a test. Plaintiff refused to take a blood test and after a hearing in the motor vehicle division her license was revoked for ninety days.

The trial court ruled that the officer could not designate the test to be taken and that under RSA 262-A:69-e plaintiff's license could not be revoked unless she had refused to take both a blood test and a urine test.

The implied consent statute provides in RSA 262-A:69-a that a person arrested for operating a motor vehicle while under the influence of intoxicating liquor shall "be deemed to have given consent to a chemical test or tests of his blood or urine for the purpose of determining the alcoholic content of his blood . . . . " It further provides that "[t]he test or tests shall be administered at the direction of a law enforcement officer . . . . " RSA 262-A:69-e relating to the refusal to submit to a test and the consequences thereof relates the refusal to submit to "a chemical test *designated* by the law enforcement officer as provided in section 69-a . . . . " ( Emphasis added ).

We construe this statute as giving the choice of the test to be used to the law enforcement officer not the accused driver. The words "administered at the direction of the . . . officer" and "a chemical test designated by the . . . officer" give the choice of test to the officer and no language indicates that the official test shall be chosen by anyone other than the officer. The test choice of the accused is limited to that which he may have at his own expense under the provisions of section 69-b.

The case of *Ringwood* v. *State*, 8 Utah 2d 287, 333 P.2d 943 ( 1959 ), relied upon by the plaintiff involved language substantially differing from ours. There the only language relating to the test was to "a chemical test of his breath, blood, urine or saliva." There was no language providing as here for the test to be "designated" by the officer. The court there interpreted the listing as requiring the accused to submit to one of the four tests. Cases interpreting statutes whose language more nearly resembles our own have uniformly held that the choice of test is with the officer not the accused. *Timm* v. *State*, 110 N.W.2d 359 ( N.D. 1961 );

*Collins* v. *Secretary of State*, 19 Mich. Ct. App. 498, 172 N.W. 2d 879 ( 1969 ); *Stensland* v. *Smith*, 79 S.D. 651, 116 N.W.2d 653 ( 1962 ); *Gottschalk* v. *Sueppel*, 258 Iowa 1173, 140 N.W.2d 866 ( 1966 ); Annot., 88 A.L.R.2d 1064, 1072 ( 1963 ); Erwin, Defense of Drunk Driving Cases 684 ( 2d ed. 1966 ).

" The option in choosing what type of test shall be administered to the arrested motorist is usually placed in the law enforcement agency whose representative has made the arrest. ' All the starch would be taken out of the law if arrested drivers could pick and choose the type of test to be taken. ' " Donigan, Chemical Tests and the Law 185 ( 1966 ).

While not decisive of the present case it is of some significance that the latest Judicial Council report considered a bill referred to it that would confer " upon a person arrested . . . the right to choose the test, blood or urine, which shall be administered to him under the implied consent law. At the present time, the language of RSA 262-A: 69-a, b, c, d, and e, allows a designation of the test by the law enforcement officer. " N.H. Judicial Council, Thirteenth Report 44 ( 1970 ). After commenting that experts in the field indicate that the blood test is the most reliable practical test and the urine test less reliable the report recommends a bill to eliminate the urine test. *Id.*

*State's exception sustained; remanded.*

All concurred.