Hillsborough
No. 6589

Shirley L. Harlan v. State of New Hampshire

April 30, 1973

*Emile R. Bussiere* and *Kenneth R. McHugh* (*Mr. McHugh orally*) for the plaintiff.

*Warren B. Rudman,* attorney general, and *John C. Boeckeler,* attorney (*Mr. Boeckeler* orally), for the State.

Kenison, C.J. The question transferred for decision in this case is "whether a law enforcement officer who has arrested the operator of a motor vehicle for driving while intoxicated and who has followed the procedures of RSA 262-A:69-c is required to give a chemical test to the operator when the operator at first refuses but changes his mind one hour after such refusal and then requests the test."

On August 6, 1972, the plaintiff was arrested and charged with driving under the influence of intoxicating liquor. She was informed by the arresting officer that unless she submitted to a breathalyzer test she would lose her license for a period of ninety days pursuant to the implied consent statute, RSA 262-A:69 (Supp. 1972). She initially refused to submit

to the test because she wished first to consult with her attorney. Unable to reach her attorney, plaintiff called her husband who immediately came to the police station and suggested that she take the test. She informed the police officer of her decision to submit to the test but was informed that the test would not be administered because too much time had elapsed since her initial refusal. The time between her refusal and subsequent request to take the test was one hour.

The director of motor vehicles revoked plaintiff's license for ninety days (RSA 262-A:69-e (Supp. 1972)), and the revocation was sustained after an administrative hearing. RSA 262-A:69-f (Supp. 1972). Plaintiff petitioned the superior court to review the revocation order (RSA 262-A:69-g), and a hearing was held before the Court (*Perkins,* J.) on September 12, 1972. The superior court ordered that the revocation be rescinded and transferred the question to this court for review.

The implied consent statute provides that a person arrested for operating a motor vehicle while under the influence of liquor "shall be deemed to have given consent to a chemical test or tests of any or all or any combination of the following: blood, urine, or breath . . . ." RSA 262-A:69-a (Supp. 1972); *see Hallet v. Johnson,* 111 N.H. 152, 276 A.2d 926 (1971). "If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test . . . , *none shall be given,* but the director of the division of motor vehicles . . . shall revoke his license to drive . . . for a period of ninety days . . . ." RSA 262-A:69-e (Supp. 1972) (emphasis added). RSA 262-A:69-c provides that the officer shall "(1) inform the arrested person of his right to have a similar test or tests made by a person of his own choosing, (2) afford him an opportunity to request such additional test, and (3) inform him of the consequences of his refusal to permit a test at the direction of the law enforcement officer."

Plaintiff's primary contention is that the purpose of the implied consent statute is the securing of a reliable blood-alcohol test whenever possible, and that this purpose is best served by allowing a person initially refusing to submit to the test a reasonable time after the refusal to reconsider and to then demand that the test be administered. She urges that

this period for reconsideration should extend for as long a time as the test results still will be valid, which may be as long as four hours after the arrest. *State v. Gallant,* 108 N.H. 72, 227 A.2d 597 (1967). The State has admitted that the test would have been valid had it been administered immediately after the plaintiff requested it. But the position of the State is that the statute contemplates that once the driver has indicated his refusal to submit to the test, "none shall be given" regardless of how soon thereafter the driver changes his mind.

Other courts considering whether a person properly advised by the police may rescind an initial refusal to submit to an implied consent law blood-alcohol test and demand that the test then be administered have almost unanimously concluded that the test need not be administered once a substantial period has elapsed from the initial refusal. *Zidell v. Bright,* 264 Cal. App. 2d 867, 71 Cal. Rptr. 111 (1968) (driver changed mind 30-45 minutes after refusal); *Krueger v. Fulton,* 169 N.W.2d 875 (Iowa 1969) (1 hour, 23 minutes); *State v. Palmer,* 291 Minn. 302, 191 N.W.2d 188 (1971) (1¼ hours); *In re Brooks,* 27 Ohio St. 2d 66, 271 N.E.2d 810 (1971) (½ hour); *Application of Kunneman,* 501 P.2d 910 (Okla. App. 1972) (driver's request to take test made as he was being placed in jail cell after refusing five requests of officer to take test); *Sundstrom License,* 47 Pa. D. & C.2d 1 (3 hours); *see Mills v. Bridges,* 93 Idaho 679, 471 P.2d 66 (1970) (under 1 hour); *Dobbins v. Tofany,* 38 App. Div. 2d 870, 328 N.Y.S.2d 1004 (Sup. Ct. 1972) (within 2 hours); R. Donigan, Chemical Tests and the Law 26-27 (Supp. 1972). Those few cases holding that the driver was entitled to the test after initially refusing have been based upon the driver's reasonable misunderstanding of his rights and responsibilities under the law due to statements made by the police. *E.g., Sweeney v. Tofany,* 30 App. Div. 2d 934, 293 N.Y.S.2d 876 (Sup. Ct. 1968) (1 hour); *Thomas v. Schaffner,* 448 S.W.2d 319 (Mo. App. 1969) (20 minutes).

We think that our implied consent statute like most others contemplates that the test be administered without unreasonable delay. *See State v. Gallant,* 108 N.H. 72, 227 A.2d 597 (1967); *Zidell v. Bright,* 264 Cal. App. 2d 867, 71 Cal. Rptr.

111 (1968). "Clearly implied in the statute is the requirement that one of its described tests be submitted to and completed expeditiously; otherwise the purpose of the law would be frustrated." *Smith v. Cozens*, 25 Cal. App. 3d 300, 302, 101 Cal. Rptr. 787, 788 (1972). "[T]he testing officers should not be required 'to await the driver's convenience of a different time or place' to submit to the statutory requirement." *State v. Palmer*, 291 Minn. 302, 308-09, 191 N.W.2d 188, 191-92 (1971). The effectiveness and reliability of the breathalyzer as well as the blood test diminishes with the passage of time. *State v. Gallant supra; Mills v. Bridges*, 93 Idaho 679, 471 P.2d 66 (1970). There is no sound reason to give the driver the opportunity to delay the test to his benefit contrary to the purpose of the test and the statute to obtain as accurate an indication of his condition as possible. *See* R. Donigan, Chemical Tests and the Law 45 (2d ed. 1966); R. Erwin, Defense of Drunk Driving Cases §15.03 (3rd ed. 1972); *cf.* 13 N.H. Judicial Council 45 (1970).

We disagree with plaintiff's contention that the assistance of counsel is required prior to submitting to the test. *See generally* Donigan, *supra* at 33-35 (Supp. 1972). In *State v. Petkus*, 110 N.H. 394, 269 A.2d 123 (1970), we ruled that the taking of a blood sample under the implied consent law is not a critical stage of a criminal proceeding requiring the assistance of counsel under the sixth and fourteenth amendments. *Cf. Kirby v. Illinois*, 406 U.S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877 (1972). Plaintiff's argument that a driver is in need of counsel in deciding whether to submit to a breathalyzer test cannot be entertained in light of our decision in *State v. LaRochelle*, 112 N.H. 392, 297 A.2d 223 (1972). We there emphasized the reliability of the breathalyzer test procedure, including its administration only by a certified operator and according to methods approved by the director of the division of public health. RSA 262-A:69-i (Supp. 1972). If a driver wants additional assurance of the integrity of the breathalyzer test procedure, a remedy lies in having a similar test performed by a person of his own choosing. RSA 262-A:69-b (Supp. 1972).

We conclude that the plaintiff's initial refusal to submit to a breathalyzer test was not cured by her offer to take

the test one hour later. "We are not faced with a situation where a defendant had almost immediately retracted his refusal and had been denied the test and had been told that his belated consent was unacceptable." *In re Brooks*, 27 Ohio St. 2d 66, 70, 271 N.E.2d 810, 812 (1971).

*State's exception sustained; remanded.*

All concurred.