Rockingham
No. 88-358

JAMES H. JORDAN

v.

THE STATE OF NEW HAMPSHIRE

July 14, 1989

*James A. Sayer, Jr.*, of Salem, by brief and orally, for the plaintiff.

*Jeffrey R. Howard*, acting attorney general (*Stephen J. Judge*, assistant attorney general, on the brief and orally), for the State.

BROCK, C.J.  The Superior Court (*Gray*, J.) affirmed the decision of the director of the division of motor vehicles to revoke the plaintiff's driver's license for 90 days pursuant to RSA 265:92 (Supp. 1988), finding that the plaintiff belched intentionally after

the police informed him that they would consider him to have refused to submit to a breath-alcohol test if he belched again, and that this constituted a refusal to take the test. The plaintiff contends that his actions did not constitute a refusal. We disagree and affirm.

Shortly before midnight on April 21, 1988, the plaintiff, James H. Jordan, was stopped in his car by a police officer who had observed him driving erratically. The officer conducted a field sobriety test and arrested the plaintiff for driving while under the influence of intoxicating liquor. *See* RSA 265:82, I(a) (Supp. 1988). The plaintiff agreed to submit to a breath-alcohol test and was transported to the Derry police station. *See* RSA 265:84, :85, III, V (Supp. 1988). There, an officer instructed him "not to contaminate his oral cavity in any way, either externally or internally, and that included not burping or belching or spitting up or [sic] anything from his stomach cavity or contaminating from outside with his hands or anything else" during the twenty-minute observation period preceding the test. *See* N.H. ADMIN. RULES, He-P 2206.02(a). After the observation period passed but before the test was administered, the plaintiff belched. The police informed the plaintiff that the belch required them to begin another twenty-minute observation period, *see id.*, and that if he did "any of those things that [he was] told not to do during that 20 minutes, [he] would be considered a refusal." Fifteen minutes into the second observation period, the plaintiff belched. The police officer informed the plaintiff that his behavior constituted a refusal to take the test, and he was not afforded an opportunity to take the breath-alcohol or any other test.

On May 16, 1988, after receiving a police report indicating that the plaintiff had refused to take the breath-alcohol test, the director of the division of motor vehicles revoked his driver's license for a period of 90 days pursuant to RSA 265:92 (Supp. 1988). This provision authorizes the director to revoke a person's driver's license for 90 days if the person, while under arrest for any violation of RSA chapter 265, "refuses upon the request of a law enforcement officer to submit to a[n alcohol] test designated by the law enforcement officer." RSA 265:92, I (Supp. 1988). The director sustained the revocation following a hearing requested by the plaintiff. *See* RSA 263:74. The plaintiff appealed this final order of revocation to the superior court, which heard the appeal *de novo* on August 11, 1988. *See* RSA 263:75 (Supp. 1988). The only issue before the court was whether the plaintiff's eructations constituted a refusal to take the breath-alcohol test under RSA 265:92 (Supp. 1988). The court upheld the revocation, finding that "the plaintiff

was well aware of the consequences of his belching and used this device in an attempt to kill time to allow the alcohol to dissipate from his system."

On appeal, the plaintiff contends that the State had neither statutory nor regulatory authority to charge him with refusing to submit to a breath-alcohol test by belching while awaiting administration of the test after he was told that belching would constitute a refusal. The plaintiff also contends that the State violated his rights of equal protection and due process by considering him to have refused the test and by denying him the opportunity to take a urine or blood test as an alternative to the breath-alcohol test.

■ Because the plaintiff has made no colorable challenge to the superior court's finding that he belched intentionally, the question before us is whether a voluntary burp can constitute a refusal to submit to a breath-alcohol test under RSA 265:92 (Supp. 1988) after police have informed a driver that they will consider him to have refused to submit to the test if he burps during a second observation period. Although RSA 265:92 (Supp. 1988) does not specify what constitutes a refusal, we have held that where a driver initially refuses to take a test and then requests to take it an hour later, the driver's conduct constituted a refusal because it gave "the driver the opportunity to delay the test to his benefit contrary to the purpose of the test and the statute to obtain as accurate an indication of his condition as possible." *Harlan v. State*, 113 N.H. 194, 197–98, 308 A.2d 856, 858–59 (1973). A driver's entire conduct, not merely words expressing consent or refusal, indicate whether he has actually refused the test. We hold, moreover, that a driver must comply with all the procedures necessary to produce accurate measurements of breath-alcohol levels, and that he refuses to submit to the test if he expresses consent while intentionally preventing accurate testing.

■ In order to ensure accurate measurements of breath-alcohol levels, the director of the division of public health services promulgated regulations governing the administration of breath-alcohol tests. *See* RSA 265:85, III, V (Supp. 1988); N.H. ADMIN. RULES, He-P 2206.01–2206.06, 2206.09. One regulation provides that before administration of a breath-alcohol test, the driver

"shall be observed for a period of 20 minutes to ensure the integrity of the sample. During the observation period the subject shall not place any material in their [sic] mouth, included but not limited to cigarette, lozenges, fingers, etc.

Should vomiting, regurgitation, or belching occur or any external material enter the mouth of the person to be examined, an additional 20 minute wait period shall occur before sampling."

N.H. ADMIN. RULES, He-P 2206.02(a). Failure to comply with the regulations renders test results inadmissible in any proceeding against the driver. RSA 265:85, IV (Supp. 1988). A driver who intentionally prevents compliance with He-P 2206.02(a) chooses not to take the test as much as a driver who explicitly refuses the test.

We reject the plaintiff's contention that this rule does not authorize the police to find a refusal after a driver has twice frustrated the administration of an accurate test by burping. The regulation requires the police to give a driver a second chance to complete an observation period. The police need not give a driver a third chance. Although the rule does not address the question of what constitutes a refusal, the statute authorizing revocation of a driver's license for refusing to submit to a test contemplates finding a refusal in light of a driver's entire conduct. *See* RSA 265:92 (Supp. 1988).

Because the plaintiff's conduct was an intentional interference with administration of the breath-alcohol test, he refused to submit to the test. The director of the division of motor vehicles, therefore, was authorized to revoke the plaintiff's driver's license. *See* RSA 265:92 (Supp. 1988).

Also, we reject the plaintiff's conclusory assertions that the State violated his rights of equal protection and due process by revoking his driver's license for refusing to submit to a test, *see State v. Cormier*, 127 N.H. 253, 257, 499 A.2d 986, 989 (1985), and by failing to administer a blood or urine test to the plaintiff once it became apparent that he had chosen not to comply with the breath-alcohol testing requirements, *see* RSA 265:92, I (Supp. 1988); *Hallet v. Johnson*, 111 N.H. 152, 153, 276 A.2d 926, 927 (1971), because he has failed to advance any arguments or cite to any legal authority in support thereof.

*Affirmed.*

All concurred.