Belknap
No. 89-235

THE STATE OF NEW HAMPSHIRE

v.

JOHN LEARY

April 13, 1990

*John P. Arnold,* attorney general (*Tina Schneider,* assistant attorney general, on the brief), by brief for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief for the defendant.

BROCK, C.J.   The defendant, John Leary, was convicted after a jury trial in the Superior Court (*Dunn,* J.) of driving while intoxicated, subsequent offense, RSA 265:82 (Supp. 1989), operating without proof of financial responsibility, RSA 263:63, and simple assault, RSA 631:2-a. On appeal, he argues that the trial court erred in denying his motion to suppress evidence obtained subsequent to his warrantless arrest. For reasons that follow, we affirm.

During the evening of April 13, 1988, a white truck was observed as it pulled off the road and stopped on Winter Street in Tilton. Inside the truck, two men were "fighting, punching each other, [and] blowing the horn." As one witness telephoned the police, "the truck rolled across the street and up onto [her] front lawn."

Two police officers responded and arrived at the scene at approximately 6:36 p.m. One officer approached the passenger side of the vehicle and spoke with the defendant. The officer observed that the defendant's speech was slurred, his eyes were red and glassy, and there was a strong odor of alcohol coming from the vehicle.

Although the defendant was sitting on the passenger side, a witness at the scene informed the officers that the occupants of the

truck had exchanged places. When asked by one of the officers, the defendant admitted that he had been the driver.

The defendant agreed to the administration of field sobriety tests. The police noticed that he had difficulty exiting the truck, he staggered as he walked and, during the tests, he started to fall to the ground. Based upon these observations, one of the officers placed the defendant under arrest for driving while intoxicated. He was then handcuffed and transported to the hospital so that a blood alcohol test could be performed and so that he could be checked out by a doctor.

At the hospital, the defendant made threatening remarks and struck the police officer with his knee. After he had been physically restrained, the implied consent law was reviewed with the defendant and he agreed to submit to a blood test. The defendant's blood alcohol content was .33 percent.

The defendant was charged with driving while intoxicated, second offense, driving without proof of financial responsibility and simple assault. At his jury trial, the defendant admitted that he had been drinking prior to his arrest and that he was "pretty intoxicated," but he denied that he had been the operator of the truck. He was found guilty of all three charges. His sentence included a total of seventy days in the house of correction, a $1,300 fine and revocation of his driver's license for three years.

Prior to trial, the defendant had filed a motion to suppress alleging, *inter alia*, that his warrantless arrest was without statutory authority. This motion was argued during trial and was denied. On appeal, the defendant claims that the trial court erred in its ruling, that his arrest was without authority under either RSA 594:10 (warrantless arrests) or RSA 265:83 (Supp. 1989) (alcohol related accident), and that evidence obtained subsequent to his arrest should have been suppressed.

■ A warrantless arrest for a violation such as driving while intoxicated (RSA 265:82) is authorized when the offense is committed in the presence of the arresting officer. RSA 594:10, I(a). But, in this case, the record provides no evidence that the officers observed the defendant operate or even attempt to operate the truck. In fact, the officers were unaware that the defendant had been driving until so informed by a witness to the events preceding their arrival. Therefore, we conclude that the arrest was not justified under RSA 594:10, I(a).

A warrantless arrest is also permitted when immediate detention is necessary to avoid certain specified exigent circumstances. RSA 594:10, I(c). These exigent circumstances exist when a police officer has probable cause to believe that the person to be arrested "will not be apprehended, will destroy or conceal evidence of the offense, or will cause further personal injury or damage to property." RSA 594:10, I(c). The State argues that the defendant's arrest was authorized by the exigent circumstances statute because of the immediate need to determine the defendant's blood alcohol content and because of the threat the defendant posed to public safety.

The police officers' concern for procuring evidence of the defendant's blood alcohol content was both reasonable and responsible. This court has consistently acknowledged the importance of obtaining a timely blood alcohol test, *see State v. Wong*, 125 N.H. 610, 626, 486 A.2d 262, 272 (1984); *State v. Schneider*, 124 N.H. 242, 245, 470 A.2d 887, 889 (1983); *Harlan v. State*, 113 N.H. 194, 197, 308 A.2d 856, 858 (1973). Any significant delay in taking a blood sample may deprive the State of reliable evidence of a defendant's condition at the time the automobile was being driven and could result in the loss of evidence within the meaning of the "destroy or conceal evidence" provision of RSA 594:10, I(c). *State v. Schneider*, 124 N.H. at 245, 470 A.2d at 889. However, this court has not held that the metabolization of alcohol in the blood, in the absence of other special circumstances, creates a situation of sufficient exigency to justify the arrest of a suspect without a warrant. *See id.* at 246, 470 A.2d at 890.

The safety of an intoxicated driver, as well as the safety of others who may be affected by his driving, are also legitimate concerns. The question we must address is whether such concerns for public safety can justify a suspect's arrest without warrant under the "further personal injury or damage to property" provision of the exigent circumstances statute.

█ The legislature has clearly indicated that the risk to public safety posed by an intoxicated person can create an exigency sufficient to merit extraordinary action, including the person's immediate and involuntary detention. Police officers are permitted to place persons who are intoxicated or incapacitated, as a result of their use of alcohol, into protective custody for up to twenty-four hours. RSA 172-B:3, I, II (Supp. 1989). An intoxicated person is incapacitated when he appears to need medical care to assure his safety or appears to present an active or passive threat to the safety of others. RSA 172-B:1, IX (Supp. 1989). Although protective custody is a civil sta-

tus, RSA 172-B:1, XIII (Supp. 1989), it may, like arrest, involve the involuntary detention of an individual. The detention is founded strictly upon the judgment of the officer that a person is intoxicated or incapacitated within the meaning of RSA 172-B:1, IX, X (Supp. 1989), and requires no warrant or preliminary showing to a neutral magistrate. *See* RSA 172-B:3, I, II (Supp. 1989). Consistent with the legislative concern expressed in these provisions, we conclude that, when a police officer has probable cause to believe that an intoxicated person has been driving, and unless detained, may continue to drive, risking injury to himself and others, exigent circumstances exist which permit a seizure of the person without warrant. We therefore hold that the active or passive threat posed to public safety by an intoxicated driver can justify a warrantless arrest under the "further personal injury or damage to property" provision of RSA 594:10, I(c).

■ If the exigent circumstances form the basis for both protective custody and arrest, a police officer is not automatically required to place the driver into protective custody until an arrest warrant can be obtained. An arrest warrant affords protection against an unreasonable seizure based on less than probable cause. By placing a defendant in protective custody, a seizure is effected, and that seizure cannot then be avoided by the subsequent application for an arrest warrant. We note that it is perhaps in the better interest of a defendant to be informed prior to his being taken into custody whether it is the intention of the police to pursue criminal charges.

■ In this case, police officers had probable cause to believe that the defendant was driving minutes before they arrived at the scene. The record supplies adequate support for the officers' reasonable belief that the defendant was intoxicated while operating the vehicle. In addition, the defendant, although not in the driver's seat, was found in the vehicle, and there is no evidence that the vehicle was incapable of further operation. Under these circumstances, where the officers had probable cause to believe that he might resume driving, the warrantless arrest was authorized by the exigent circumstances statute to prevent the risk to his own life as well as the safety of others.

Because we hold that the defendant was properly arrested under the provisions of RSA 594:10, we need not address his second claim, that his arrest was not authorized by RSA 265:83.

*Affirmed.*

All concurred.