Strafford
No. 94-535

SCOTT F. WENSLEY

v.

DIRECTOR, NEW HAMPSHIRE DIVISION OF MOTOR VEHICLES

December 27, 1995

*Stephen T. Jeffco, P.A.*, of Portsmouth (*Stephen T. Jeffco* on the brief and orally), for the plaintiff.

*Jeffrey R. Howard*, attorney general (*Stephen J. Judge*, senior assistant attorney general, on the brief, and *Christopher P. Reid*, assistant attorney general, orally), for the defendant.

JOHNSON, J. The New Hampshire Division of Motor Vehicles (division) suspended the driver's license of the plaintiff, Scott F. Wensley, for two years for refusing to submit to a blood alcohol concentration (BAC) test following his arrest for driving under the influence of intoxicating liquor. *See* RSA 265:82, :91-a, :92, I(b)(1) (1993) (amended 1993). After an administrative hearing, the division upheld the suspension, and the plaintiff appealed to the Superior Court (*Dickson*, J.) for *de novo* review. *See* RSA 263:75 (1993) (amended 1994); RSA 265:91-d (Supp. 1994); *see generally Zyla v. Turner, Director*, 134 N.H. 259, 261-62, 590 A.2d 618, 619-20 (1991). The court upheld the division's order, and the plaintiff appealed to this court. We reverse.

The question presented is whether the record contains sufficient evidence that the plaintiff refused, for purposes of RSA 265:92, to submit to a BAC test. What conduct constitutes a refusal is a

question of law for this court; whether such conduct occurred is one of fact. We defer to the trial court's factual findings, provided there is evidence in the record to support them. *See Reid v. Warden*, 139 N.H. 530, 532, 659 A.2d 429, 431 (1995).

We have considered this question on two other occasions. In *Jordan v. State*, 132 N.H. 34, 561 A.2d 1078 (1989), the plaintiff twice intentionally belched during the twenty-minute waiting period of a breath-alcohol test after being told not to do so. We noted that RSA 265:92 "does not specify what constitutes a refusal," *id.* at 36, 561 A.2d at 1080, and concluded that "[a] driver's entire conduct, not merely words expressing consent or refusal, indicate whether he has actually refused the test," *id.* We construed the plaintiff's voluntary burp as "an intentional interference with administration of the breath-alcohol test," *id.* at 37, 561 A.2d at 1080, and, as such, equivalent to a refusal to take the test.

In *Harlan v. State*, 113 N.H. 194, 308 A.2d 856 (1973), the plaintiff initially refused to take a BAC test, but an hour later requested one. Observing that other courts had "almost unanimously concluded that the test need not be administered once a substantial period has elapsed from the initial refusal," *id.* at 196, 308 A.2d at 858, we deemed the plaintiff's conduct a refusal. We stated: "There is no sound reason to give the driver the opportunity to delay the test to his benefit contrary to the purpose of the test and the statute to obtain as accurate an indication of his condition as possible." *Id.* at 197, 308 A.2d at 858.

With these principles in mind, we examine the facts of this case. The evidence consisted of two exhibits — an administrative license suspension form and an arrest rights form — and the testimony of the plaintiff and the arresting officer, Ronald Dossett. The following facts could be found from the evidence.

After arresting the plaintiff, Officer Dossett informed him of his administrative license suspension rights, reading them from a form and asking the plaintiff, item by item, if he understood them. The fourth item read: "If you submit to a test and it shows an alcohol level of .10 or more (or if you are under age 21, of .04 or more), your New Hampshire driver's license/operating privileges or non-resident operating privilege or right to drive in this state will be suspended." Although the plaintiff had experience with the implied consent laws, he told Officer Dossett that he did not understand this item.

Officer Dossett reread the fourth item to the plaintiff several times and paraphrased its contents, but the plaintiff professed confusion and asked for a lawyer. The officer informed him he was

not entitled to a lawyer at that time, *see Harlan*, 113 N.H. at 197, 308 A.2d at 859, and told him that a "yes" or "no" answer was required as to whether he understood the fourth item. The plaintiff replied, "I guess so," and Officer Dossett again asked for a "yes" or a "no" answer. The plaintiff's response was, "I guess I understand it" or "I guess so."

The officer then told the plaintiff he was being uncooperative and would be marked as a refusal. The plaintiff did not reply and declined to sign a statement on the administrative license suspension form declaring that he was either agreeing or refusing to take the BAC test. The officer testified that "minutes" or "a minute [or] so" afterwards, the plaintiff said, "Well, I'm not refusing to take a test. I'll take a test." Officer Dossett told the plaintiff that he had already been deemed a refusal. No test was administered.

■ ■ We find nothing in the evidence described above that constitutes a refusal to take a BAC test. It is apparent that Officer Dossett equated the plaintiff's failure to cooperate during the reading of his administrative license suspension rights with a refusal to take a BAC test. The following exchange from the officer's direct examination makes this plain:

Q Okay, sir. And did you at some point request a test?
A Yes, sir, I did.
Q What kind of test did you request?
A It was a breathalyzer test.
Q Okay, sir. And did he ever agree to take a breathalyzer test?
A No, he didn't.
Q *How did you know he didn't agree, or how did he express that to you?*
A *Again we never got past item No. 4 as far as that goes.*
Q *As far as his saying he understood?*
A *Right, that's correct.*

(Emphasis added.) Refusal to cooperate with the completion of a form, however, is not the same as refusal to take a test. There is no evidence that the plaintiff interfered with the administration of a test, as in *Jordan v. State*, 132 N.H. at 36-37, 561 A.2d at 1080, or that his specific, oral request for a test came after an unreasonable delay, as in *Harlan v. State*, 113 N.H. at 196-97, 308 A.2d at 858. According to the officer's testimony, the plaintiff never stated that he would not take a test. Rather, he simply declined to express his choice in writing or give a "yes" or "no" answer when asked if he understood part of the form. Although unresponsive at first, the

plaintiff clearly requested a test "minutes" or "a minute [or] so" afterwards.

The State raises the specter of a drunken, uncooperative arrestee making a mockery of the implied consent laws by neither explicitly refusing nor explicitly agreeing to take a test. We agree that such a person might be deemed to have refused the test. The plaintiff, however, was not such a person. In light of the serious consequences of refusing a BAC test, *see* RSA 265:92, in this case a two-year license suspension, a refusal should not be inferred unless an arrestee manifests a decision not to cooperate. An inference of refusal was not warranted from the evidence, and we therefore reverse.

*Reversed.*

BRODERICK, J., did not sit; the others concurred.