# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0530, <u>Elizabeth Kiley v. Director, New Hampshire Division of Motor Vehicles</u>, the court on April 6, 2015, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Elizabeth Kiley, appeals the order of the Superior Court (<u>Smukler</u>, J.) affirming the decision of the New Hampshire Department of Safety hearings examiner upholding the suspension of her driver's license by the defendant, the Director of the New Hampshire Division of Motor Vehicles. The plaintiff argues that the superior court erred in upholding the hearings examiner's decision because the evidence was insufficient to prove that she refused to submit to a breath alcohol test. She also argues that the court erroneously placed a burden upon her to cross-examine the arresting officer regarding statements in his arrest report.

In an appeal to the superior court from an administrative license suspension (ALS) hearing, the plaintiff has the burden to show that the order was clearly unreasonable or unlawful, and all findings of fact on questions properly before the hearings examiner are deemed to be <u>prima</u> <u>facie</u> lawful and reasonable. <u>Proulx v. Dir., N.H. Div. of Motor Vehicles</u>, 154 N.H. 350, 351 (2006); RSA 263:75, II (2014). "The superior court may not set aside or vacate the decision appealed from unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable." <u>Proulx</u>, 154 N.H. at 352 (quotation omitted); RSA 263:76 (2014). We will uphold the superior court's decision on appeal unless the evidence does not support it or it is legally erroneous. <u>Proulx</u>, 154 N.H. at 352.

New Hampshire law mandates license suspension for those who refuse to submit to the test designated by the law enforcement officer. <u>Id</u>.; RSA 265-A:14, I (2014). "What conduct constitutes a refusal is a question of law for this court; whether such conduct occurred is one of fact." <u>Wensley v. Director, N.H. Div. of Motor Vehicles</u>, 140 N.H. 560, 560-61 (1995) (quotation omitted). "A driver's entire conduct, not merely words expressing consent or refusal, indicate whether he has actually refused the test." <u>Jordan v. State</u>, 132 N.H. 34, 36 (1989).

In this case, there is no dispute that in his testimony at the administrative hearing, the arresting officer, State Trooper Micah Jones, did not state that the plaintiff refused to take a breath test or that she refused to sign the ALS form acknowledging her refusal. However, in determining whether the evidence was sufficient to show that the plaintiff refused to submit to the breath test, we consider not only the hearing testimony but also the exhibits admitted at the hearing. See Wensley, 140 N.H. at 561. In this case, the exhibits admitted at the hearing were the ALS form and the trooper's arrest report. In his arrest report, the trooper stated that he read the ALS form to the plaintiff line by line and asked her to sign the form on line seven, which she did, to acknowledge that she had been informed of her implied consent rights. The trooper then asked the plaintiff if she would submit to testing. The trooper reported that the plaintiff then started "asking several questions over and over again:

Can I call someone first?

What should I do?

What will happen if I refuse?

What will happen if I submit?"

The trooper reported that approximately ten minutes after informing the plaintiff of her implied consent rights, she still had not decided whether to submit to the test. A second trooper, who had started setting up the intoxilizer so that it would be ready if the plaintiff agreed to the test, informed the plaintiff that "if she did not decide within a reasonable amount of time she would be deemed a refusal." Line eight of the ALS form allows the arrestee to indicate, "I agree to the requested testing," or "I refuse the requested testing," by checking the corresponding box and signing below the selection. Next to line eight is a box for the officer to complete when an arrestee refuses to complete line eight. In this case, the arresting officer gave the plaintiff approximately ten additional minutes to make her decision before marking the form that she refused to sign. The second trooper signed the form as a witness to the plaintiff's refusal. The hearings examiner found that "[t]hough the [plaintiff] did not sign line eight of the same form, she indicated to the [t]rooper by her words and actions that she did not want to take the offered test of her breath sample."

On appeal, the plaintiff argues that "[a]sking relevant questions about whether to take a breath test or not, without more, does not comprise sufficient record evidence that the [p]laintiff refused to submit to a breath test." However, the record shows not only that the plaintiff asked these questions "over and over again," but also that she had not decided whether to submit to the test approximately ten minutes after being informed of her implied consent rights. Moreover, after a second trooper warned the plaintiff that a failure to

2

provide a response would constitute a refusal, the arresting officer gave her approximately ten additional minutes before marking that she refused to sign. The trooper then completed the booking process and contacted the bail commissioner.  Nothing in the report suggests that the plaintiff ever consented to the test, either before she was deemed to have refused to take it, or after, when the arresting officer completed the booking process and contacted the bail commissioner.  We conclude that the record supports the superior court's order upholding the hearings examiner's decision to suspend the plaintiff's driver's license for refusing to submit to a breath test.  See Proulx, 154 N.H. at 352.

The plaintiff next argues that the superior court erroneously "imputed" a burden upon her at the administrative hearing, by first noting that the plaintiff did not cross-examine the trooper as to the statements in his report that she refused consent, and then ruling that "the combination of the arrest report and the opportunity to cross-examine is sufficient to support the hearings examiner's findings."  We do not construe the superior court's order to impose a burden upon the plaintiff at the administrative hearing.  See State v. Parker, 155 N.H. 89, 91-92 (2007) (interpretation of a trial court order is a question of law which we review de novo).  First, the superior court stated that "Trooper Jones' arrest report was in evidence and was sufficient, if accepted[,] to support findings with respect to all the statutory elements."  The court then noted that, "[t]he report indicates that the [plaintiff] was informed of her rights and the consequences of refusing to take an alcohol test, and that she ultimately did refuse."  The fact that the plaintiff did not cross-examine the trooper regarding statements in his report that she refused testing was relevant to the court's determination as to whether she met her burden in the superior court to show that the hearings examiner's decision was clearly unreasonable or unlawful. See Proulx, 154 N.H. at 351; RSA 263:75, II.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3