# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0133, <u>Edward Moriarty v. Director, New Hampshire Division of Motor Vehicles</u>, the court on October 24, 2019, issued the following order:**

Having considered the petitioner's brief, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Edward Moriarty, appeals an order of the Superior Court (<u>Howard</u>, J.) upholding the New Hampshire Division of Motor Vehicles' (DMV) decision to sustain his administrative license suspension (ALS) based upon his refusal to submit to an infrared molecular absorption test (breath test), <u>see</u> RSA 265-A:14, :30, II(a) (2014), following his arrest for driving under the influence, <u>see</u> RSA 265-A:2, I (Supp. 2018). The DMV's decision was based, in part, upon its determination that the officer complied with the requirements under RSA 265-A:7 (Supp. 2018) to advise the petitioner of his rights relating to the requested breath test. The petitioner contends that the trial court erred in upholding this determination because the officer failed to advise him that his submission to a breath test was a prerequisite to obtaining an additional test by a person of his choosing, which, the petitioner argues, is required under RSA 265-A:7, III.

In an appeal to the superior court of an administrative license suspension, the appellant has the burden to show that the hearing examiner's decision was clearly unreasonable or unlawful. <u>Kerouac v. Dir., N.H. Div. of Motor Vehicles</u>, 158 N.H. 353, 355 (2009); RSA 265-A:34, III (2014). When reviewing such orders, "all findings of the director or agent upon all questions of fact properly before him or her shall be deemed to be prima facie lawful and reasonable." RSA 265-A:34, III. The superior court may not set aside or vacate the appealed decision "except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that the order is unjust or unreasonable." RSA 265-A:34, III.

This court "will uphold the superior court's decision on appeal unless the evidence does not support it or it is legally erroneous." <u>Proulx v. Dir., N.H. Div. of Motor Vehicles</u>, 154 N.H. 350, 352 (2006). In matters of statutory interpretation, this court reviews the trial court's interpretation of a statute <u>de novo</u>. <u>Saviano v. Director, N.H. Div. of Motor Vehicles</u>, 151 N.H. 315, 318-19 (2004).

Pursuant to New Hampshire's Implied Consent Law, a motor vehicle operator "shall be deemed to have given consent" to blood, urine, or breath tests when "arrested for any offense arising out of acts alleged to have been committed while the person was driving . . . a vehicle while under the influence of intoxicating liquor or controlled drugs," provided the tests are "administered at the direction of a law enforcement officer . . . having reasonable grounds to believe the person to have been driving . . . while under the influence of intoxicating liquor or controlled drugs." RSA 265-A:4 (Supp. 2018). Before the officer may administer a blood, urine, or breath test pursuant to RSA 265-A:4, however, the statute "imposes a positive duty on the officer to do three equally important things." State v. Mfataneza, 172 N.H. 166, 169 (2019).

Pursuant to RSA 265-A:8 (Supp. 2018), prior to testing the individual, the officer must:

(a) Inform the arrested person of his or her right to have an additional test or tests of his or her blood made by a person of his or her own choosing;
(b) Afford the arrested person an opportunity to request such additional test; and
(c) Inform the arrested person of the consequences of his or her refusal to permit a test at the direction of the law enforcement officer.

RSA 265-A:8, I; see RSA 265-A:7, I (providing that "[a]ny person to whom RSA 265-A:4 is applicable shall have the right at his or her own expense to have additional tests made by a person of his or her own choosing"). Additionally, RSA 265-A:7, III provides a specific right for those individuals who submit to a breath test requested by law enforcement — "the right at his or her own expense to have a blood sample drawn and a blood test made by a person of his or her own choosing" — and requires law enforcement to inform the person of this right.

On appeal, the petitioner limits his challenge to the content of the ALS warnings that the officer provided to him. However, he does not dispute that the arresting officer informed him of his right to seek an additional test and the consequences of his refusal. See RSA 265-A:7, III, :8, I. Rather, he argues that the officer failed to inform him that his right to the opportunity to obtain an additional test is contingent upon his submission to the requested breath test, which warning, he argues, RSA 265-A:7, III required. We disagree with the petitioner's proffered construction of RSA 265-A:7, III.

In matters of statutory interpretation, this court reviews the trial court's interpretation of a statute de novo. Saviano v. Director, N.H. Div. of Motor Vehicles, 151 N.H. 315, 318-19 (2004). When interpreting a statute, we first look to the language of the statute itself and, if possible, construe that language

according to its plain and ordinary meaning.  Id. at 318.  Unless we find that the statutory language is ambiguous, we need not look to legislative intent.  Id.

Contrary to the petitioner's argument, the plain and ordinary language of RSA 265-A:7 does not prohibit an individual from seeking an independent test if he or she does not submit to a test at the request of a police officer.  RSA 265-A:7, I, plainly provides that "[a]ny person to whom RSA 265-A:4 is applicable shall have the right at his or her own expense to have additional tests made by a person of his or her own choosing."  RSA 265-A:7, I (emphasis added).  Therefore, when read in its entirety, the statute does not provide that an individual's right to an independent test is contingent or conditioned upon his or her submission to a breath, or any other, test requested by the police officer.  Rather, RSA 265-A:7, III addresses an individual's ability to seek a blood draw if he or she submits to a breath test and the plain language of this provision does not preclude the individual from obtaining an additional, independent test if he or she does not submit to a breath test.

The record demonstrates that, at the time the officer requested the petitioner to submit to a breath test, the officer expressly informed him that he had "the right to an additional test or tests of blood" taken by a person of the petitioner's own choosing at his expense, and that his refusal to submit to the requested test would result in suspension of his driver's license.  The petitioner does not dispute this fact.  The officer correctly informed the petitioner of his rights under RSA 265-A:7.  We therefore conclude that the trial court's decision to uphold the DMV's decision was supported by the evidence in the record and not legally erroneous.  See Proulx, 154 N.H. at 352.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

3