# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0243, <u>John Doe v. Department of Safety</u>, the court on February 25, 2021, issued the following order:**

Having considered the opening and reply briefs filed by the plaintiff, who appears under the pseudonym "John Doe," the memorandum of law filed by the defendant, the New Hampshire Department of Safety, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals a decision of the Superior Court (<u>Kissinger</u>, J.) in favor of the defendant in the plaintiff's appeal of a decision of the defendant's Bureau of Hearings (Bureau) sustaining the determination of the defendant's Division of Sex Offender Registry (Division), that his New York conviction was reasonably equivalent to an offense requiring him to register on New Hampshire's sex offender registry. We affirm.

The relevant facts follow. On April 8, 2002, the plaintiff pleaded guilty to "Forcible Touching" under a New York penal statute. His criminal history record shows that he was originally charged under subsection 2 of that statute, which is criminalizes forcible touching of another's intimate parts "for the purpose of gratifying the actor's sexual desire." The plaintiff's criminal history record does not reveal, however, whether he was convicted under subsection 2 or under subsection 1 of the statute, which criminalizes forcibly touching another's intimate parts "for the purpose of degrading or abusing the person." The plaintiff's certificate of conviction likewise fails to specify whether he was convicted under subsection 1 or subsection 2 of the pertinent statute.

Upon the plaintiff's move to New Hampshire, the Division determined that the plaintiff's conviction was reasonably equivalent to the crime of sexual assault in New Hampshire, requiring him to register with the sex offender registry. The plaintiff requested a hearing before the Bureau. The Bureau upheld the Division's determination, finding that, in view of the plaintiff's criminal history record and certificate of conviction, he had been charged and convicted under subsection 2 of the New York statute, and that subsection 2 is "a reasonably equivalent offense to Sexual Assault in New Hampshire." The plaintiff unsuccessfully moved for rehearing and appealed to the superior court.

Thereafter, the defendant moved to dismiss the plaintiff's appeal on a technical ground that is irrelevant to the instant appeal. In that same motion, the defendant asserted that the Bureau "acted reasonably and lawfully by concluding that the [plaintiff] was convicted of [violating] Subsection 2" of the

New York law "based upon the evidence before [it]." The superior court granted the defendant's motion, and this appeal followed.

RSA chapter 541 governs appeals of Bureau decisions. RSA 21-P:13, II-a (2020). In his appeal to the superior court, the plaintiff had the burden of showing that the Bureau's decision was "clearly unreasonable or unlawful." RSA 541:13 (2007). The superior court was required to treat all of the Bureau's findings on questions of fact as "prima facie lawful and reasonable," and could not set aside the Bureau's decision unless the court was "satisfied, by a clear preponderance of the evidence before it, that [the decision] [was] unjust or unreasonable." Id. We "will uphold the superior court's decision on appeal unless the evidence does not support it or it is legally erroneous." Proulx v. Dir., N.H. Div. of Motor Vehicles, 154 N.H. 350, 352 (2006).

On appeal, the plaintiff raises two issues: (1) whether the Bureau unlawfully demanded that he bear the burden of proof; and (2) whether the Bureau improperly found that his out-of-state conviction was reasonably equivalent to a New Hampshire offense that would him to register as a sex offender in this state.

Our review, however, is not of the Bureau's decision, but of the superior court's decision. The first issue that the plaintiff raises, related to the burden of proof in the Bureau proceeding, is not properly before us. The record submitted on appeal demonstrates that the plaintiff raised this issue in his motion for rehearing to the Bureau and in his initial appeal that he improperly filed with the superior court before the Bureau had ruled upon his motion for rehearing. See RSA 541:3, :6 (2007) (requiring parties to first file motions for rehearing with the administrative agency before filing an appeal). However, the record shows that the plaintiff did not include this issue in the appeal that he timely filed in the superior court after the Bureau denied his motion for rehearing. Nor did he include it in his objection to the defendant's motion to dismiss. Moreover, the superior court did not rule on the issue. Under these circumstances, we do not consider the burden of proof issue to be properly before us.

Therefore, we turn to the plaintiff's second issue, which we reframe as follows: whether the trial court erred by failing to set aside or vacate the Bureau's determination that the plaintiff's New York conviction for forcible touching is reasonably equivalent to a New Hampshire conviction for sexual assault. The trial court correctly observed that "there was no evidence to determine with absolute certainty" whether the plaintiff's conviction was under subsection 1 or subsection 2 of the New York statute. The court found for the defendant, nonetheless, because it decided that "[t]he fact that the [plaintiff] was charged under subsection 2 may reasonably have tipped the scales" in the defendant's favor "in the eyes of the [Bureau]." The court noted that doing so was reasonable given the preponderance of the evidence standard governing

2

the Bureau's proceedings. The court further noted that it was not the court's role "to reweigh the evidence at this stage of the proceedings." See Appeal of Cook, 170 N.H. 746, 749 (2018) (noting that the task of a court reviewing an appeal of administrative agency decision "is not to determine whether [the court] would have found differently or to reweigh the evidence, but rather, to determine whether the findings are supported by competent evidence in the record").

The preponderance of the evidence standard "requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence"; "evidence that fails to meet this standard is at least as likely to be false as it is true." State v. Addison (Capital Murder), 165 N.H. 381, 590 (2013) (quotation omitted). The plaintiff argues that because the records of his conviction "are silent on which subsection he was convicted under[,] . . . there is an exactly equal chance that he was convicted under subsection 1 as under subsection 2." Therefore, he asserts, the trial court erred when it determined that the Bureau could reasonably have decided that the preponderance of the evidence standard had been met.

If all the Bureau had before it were the plaintiff's certificate of conviction, he might be correct. However, the Bureau also had the plaintiff's criminal history record, which established that he had originally been charged with violating subsection 2. Given the sparse record before the Bureau and the superior court's necessarily deferential standard of review, we cannot say that the superior court's decision is unsupported by the record or legally erroneous. See Proulx, 154 N.H. at 352.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3