# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0421, <u>State of New Hampshire v. George H. Gibby</u>, the court on August 18, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, George Gibby, appeals the order of the Circuit Court (<u>Gorman</u>, J.), following a bench trial, finding him guilty of driving under the influence of alcohol. <u>See</u> RSA 265-A:2, I(a) (2014). The defendant argues that the evidence of impairment was insufficient to support the guilty finding, and that the verdict was contrary to the weight of the evidence. He also argues that the trial court erred in: (1) ruling on his motion for discovery sanctions; (2) admitting evidence of his refusal to submit to a blood test; and (3) admitting a police officer's testimony regarding prior, unrelated contact with the defendant. We affirm.

The defendant first argues that the evidence of impairment was insufficient to support the trial court's guilty verdict. To prevail in his challenge to the sufficiency of the evidence, the defendant must show that no rational trier of fact, viewing the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. <u>State v. Ducharme</u>, 167 N.H. 606, 616-17 (2015). To convict the defendant of driving under the influence, the State was required to prove beyond a reasonable doubt that he drove a vehicle upon a way while under the influence of alcohol. <u>See</u> RSA 265-A:2, I(a). To prove that the defendant was under the influence of alcohol, the State needed to prove only that he was impaired to any degree. <u>State v. MacDonald</u>, 156 N.H. 803, 804 (2008).

The two responding police officers testified that on January 18, 2020, at approximately 1:20 a.m., they responded to a report of a motor vehicle accident. One of the officers testified that when he arrived on the scene, he observed that a vehicle had collided head-on into a tree in a residential yard. The officer testified that in speaking with the defendant, who was unable to extricate himself from the driver's seat, he noticed an odor of alcohol emanating from his breath. The officer also noticed that the defendant's speech was "very slurred and slow," and that his eyes were glassy. The officer testified that the odor of alcohol "continued to follow [the defendant] as we took him out of the vehicle." The officer testified that the defendant "had a difficult time standing," and that "at one point, he … fell backwards [and] caught himself just prior to

falling on his rear end." When the officer returned to the defendant's vehicle, he noticed that the odor of alcohol emanating from the vehicle "started to dissipate and started to lessen now that [the defendant] was out of the vehicle."

The other officer who reported to the scene also noticed an odor of alcohol emanating from the vehicle. That officer also observed that the defendant's speech was slurred and slow. The officer testified that, at the hospital, the defendant "still had the slurred speech, the odor of alcohol," and that "[t]he odor [of] alcohol was present in the exam room." The officer testified that the defendant refused to take a blood alcohol concentration test at the hospital. See RSA 265-A:10 (2014) (refusal is admissible evidence).

Although the defendant stated that an animal in the road caused him to drive into the tree, the police found no evidence of animal tracks and no evidence that the driver of the vehicle had made any evasive maneuvers. An officer testified that that tire markings showed only "a rolling motion directly into a tree."

Viewing all of the evidence and all reasonable inferences drawn from it in the light most favorable to the State, we conclude that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was impaired. See State v. Kelley, 159 N.H. 449, 454 (2009) (officer's testimony sufficient to prove impairment).

The defendant next argues that the trial court's verdict was against the weight of the evidence. The weight to be given testimony is an issue for the trial court to determine. State v. Moncada, 161 N.H. 791, 795 (2011). Unless we find that no reasonable person could have come to the same conclusion regarding the weight to be given to the evidence, we will defer to the trial court. Id. The defendant argues that the verdict was against the weight of the evidence because he unequivocally denied consuming alcohol and explained that a deer or other animal caused him to crash. He also argues that while he may have been agitated and uncooperative with the police and emergency personnel, his behavior was not indicative of impairment. He asserts that his serious injuries, which caused him to be air-lifted to a Boston hospital, accounted for the officers' observations regarding his appearance and demeanor. The defendant also notes that one of the officers did not observe that the defendant's eyes were bloodshot or glassy, or note in her report that she detected an odor of alcohol on the defendant's breath. We conclude that a reasonable person could have come to the same conclusion as the trial court regarding the weight of the evidence. See id.

The defendant next argues that the trial court erred in ruling on his motion for discovery sanctions. "In general, we accord considerable deference to the trial court's ruling on a discovery sanction, and intervene only when it constitutes an unsustainable exercise of discretion." State v. Reader, 160 N.H.

2

664, 667 (2010).  To show that the trial court unsustainably exercised its discretion, the defendant must demonstrate that the court's decision was clearly unreasonable to the prejudice of his case.  Id.

Shortly before trial, the State learned that two of its witnesses, a hospital employee and an employee of the New Hampshire State Laboratory, were unavailable to testify regarding their toxicology reports.  Two days before trial, the State identified substitute witnesses and emailed an amended witness list to defense counsel.  The defense filed a motion in limine requesting sanctions, including dismissal of all complaints.  "[T]he supervisory authority of the trial court includes the power to impose the extreme sanction of dismissal with prejudice only in extraordinary situations and only where the government's misconduct has prejudiced the defendant."  State v. Cotell, 143 N.H. 275, 279 (1998) (brackets and quotation omitted).  The trial court ruled that the State's substitute witnesses would not be allowed to testify, and that, having thus excluded their testimony, there would be no prejudice to the defendant.  The court found no bad faith on the part of the State.  The defendant argues that, even if dismissal of the complaints was not warranted, the court erred in denying his request for monetary sanctions.  Based upon this record, we conclude that the trial court sustainably exercised its discretion in its ruling on the defendant's motion for discovery sanctions.  See id.

The defendant argues that the trial court erred in admitting evidence of his refusal to submit to a blood test.  See RSA 265-A:10.  What conduct constitutes a refusal to submit to a blood alcohol concentration test is a question of law for this court.  Wensley v. Director, N.H. Div. of Motor Vehicles, 140 N.H. 560, 560-61 (1995).  Whether such conduct occurred is a question of fact.  Id.  We defer to the trial court's factual findings, provided there is evidence in the record to support them.  Id.  A police officer testified that she asked the defendant to submit to a blood test, and that he refused.  Thus, the record supports the court's finding.  See id.  Moreover, the trial court found that, even without the refusal evidence, the remaining evidence was sufficient to support a guilty verdict, and we agree.  Accordingly, we find no error.

Finally, the defendant argues that the trial court erred in admitting a police officer's testimony regarding his prior contact with the defendant unrelated to the accident.  The defendant challenges this testimony as irrelevant and unfairly prejudicial.  See N.H. R. Ev. 401, 402, 403.  We review challenges to the trial court's evidentiary rulings under our unsustainable exercise of discretion standard.  State v. Racette, 175 N.H. 132, 135 (2022).  For the defendant to prevail under this standard, he must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case.  Id.  The officer testified that the defendant's behavior differed from his previous interactions with him.  The trial court allowed the testimony to show that the defendant's "normal pattern of speech" was not

3

slurred.  Based upon this record, we conclude that the trial court did not unsustainably exercise its discretion in admitting this testimony.  <u>See</u> <u>id</u>.

To the extent that the defendant's brief may be construed to raise additional arguments, we conclude that they are inadequately developed, <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003), and decline to address them, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993); <u>see</u> <u>also</u> <u>Appeal of Omega Entm't</u>, 156 N.H. 282, 287 (2007) (off-hand invocations of constitutional rights without support by legal argument or authority does not warrant extended consideration).

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**