J. Robert Lynch, J.
Under article 78 CPLB the petitioner seeks a review of the respondent Commissioner’s order, made after a hearing, revoking his driver’s license for his refusal to take a chemical test after his arrest for driving while intoxicated. Upon the return the parties agreed that a question of law only was involved and that there was no necessity for transfer to the Appellate Division.
The petitioner’s arrest was on reasonable grounds and immediately thereafter he refused the arresting officer’s request that he submit to a breath test. Fifty-five minutes later during his arraignment when the Justice of the Peace explained that his refusal to take the test would result in revocation of his license, he agreed to take it. The police however would no longer give it to him.
Such chemical tests must be “ administered at the direction of a police officer * * * and in accordance with the rules and regulations established by the police force of which he is a member ” (Vehicle and Traffic Law, § 1194). To have evidentiary value they must be taken within two hours of the arrest (Vehicle and Traffic Law, § 1192).
*293 The Commissioner revoked the petitioner’s license on the ground that his subsequent consent to the test was ineffective, as he was then under the control of the Justice Court rather than the police officer. This was an error 'of law. What the statute makes necessary is that the test be under the direction of the police officer. Who has the technical control of the defendant at the time is immaterial.
But while the Commissioner made an error of law we cannot on the other hand agree with the legal contention put forth by the petitioner. He argues that any consent given within two hours of the arrest is effective to avoid the penalty of revocation. First of all it has been decided that a subsequent consent is ineffective even if given before the two hours when the test itself could not have been given before the expiration of the two-hour limit (Matter of Lundin v. Units, 29 A D 2d 581). Secondly, “ the two-hour limitation is to qualify the results of the test for admission in evidence and not necessarily to confer additional privileges upon the defendant or to extend his rights in point of time ” (Matter of Neet v. Hults, 26 A D 2d 970, 971).
From these holdings we infer that a defendant’s license must be revoked if his subsequent consent is not given in time for the test to be taken within two hours, but, with the two hours not being a matter of right to the defendant, his license may be revoked despite a subsequent consent short of that time. The determination of course must rest in the sound discretion of the Commissioner.
Obviously a review of the facts under CPLR 7803 (subd. 4) is now in order. So that the proceeding may be finally disposed of or if necessary, remitted, it is transferred to the Appellate Division, Fourth Department.