66

In re Brooks.

(No. 70-461—Decided June 30, 1971.)

*Messrs. Lavelle & Yanity* and *Mr. William A. Lavelle,* for appellant, Ronald Lee Brooks.

*Mr. Claire M. Ball, Jr.,* prosecuting attorney, for appellee, Registrar of Motor Vehicles.

LEACH, J. Once again, this court is presented with the question of interpreting the implied-consent statute, R. C. 4511.191. Our previous decisions with respect thereto are *State* v. *Starnes* (1970), 21 Ohio St. 2d 38; *Hoban* v. *Rice* (1971), 25 Ohio St. 2d 111; and *Buhren* v. *Rice* (1971), 26 Ohio St. 2d 140. See, also, *Westerville* v. *Cunningham* (1968), 15 Ohio St. 2d 121.

In his brief (filed before our decision in *Hoban*), it is asserted, in effect, by appellant that the only *purpose* of R. C. 4511.191 is to aid in securing a conviction for a violation of R. C. 4511.19; that since R. C. 4511.19 provides for the admission in evidence of a chemical analysis of a defendant's blood, urine, breath or other bodily substance *withdrawn within two hours of the time of such alleged violation,* the *purpose* of the law has been met if a defendant makes such bodily substances available to the police within such time as the test thereof may be used as evidence; and thus that under R. C. 4511.191 the license of a person arrested for driving a motor vehicle while intoxicated cannot be suspended because he had previously refused "upon the request of a police officer" to submit to a chemical test, if consent to withdraw bodily substances is given *within two hours.*

In making this assertion, appellant relies principally upon the rationale of *Groff* v. *Rice* (1969), 20 Ohio App. 2d 309. That rationale, however, was rejected by this court in *Hoban* v. *Rice, supra* (25 Ohio St. 2d 111). *Hoban* had been certified to this court as being in conflict with the judgment in *Groff.*

The first three paragraphs of the syllabus in *Hoban* read:

"1. R. C. 4511.191, the implied-consent statute, is constitutional and the proceedings thereunder are civil and administrative in nature and are independent of any criminal proceedings which may be instituted pursuant to other statutes or ordinances. The validity of a driver's license suspension by the Registrar of Motor Vehicles, under R. C. 4511.191, is unaffected by such person's plea of guilty to a charge of operating a motor vehicle under the influence of alcohol. (*State* v. *Starnes,* 21 Ohio St. 2d 38, approved and followed.)

"2. The suspension of a driver's license under R. C. 4511.191(D) by the Registrar of Motor Vehicles, will be upheld upon appeal if the court finds that (1) the arresting officer had reasonable ground to believe the person had

been driving a motor vehicle upon the public highways of this state while under the influence of alcohol, (2) the person was placed under arrest, (3) the person refused to submit to a chemical test or tests of his blood, breath or urine upon the request of the arresting officer, and (4) the person was advised of the consequences of his refusal.

"3. For the purpose of R. C. 4511.191, a refusal to submit to a chemical test of the blood, breath or urine will occur where a person, by his acts, words or general conduct, manifests an unwillingness to submit to the test. Such refusal need not have been knowingly and intentionally made."

Upon the basis of the reasoning in *Hoban,* it appears that the refusal by a motorist, upon the request of a police officer to submit to a chemical test, in violation of the provisions of R. C. 4511.191(D) is unaffected by the fact that such person thereafter makes available to the police officer bodily substances, which would provide a basis for chemical tests which could then be admitted in evidence under R. C. 4511.19.

A similar conclusion has been reached by courts in New York and California, which have comparable statutes. In *Zidell* v. *Bright* (1968), 264 Cal. App. 2d 867, 71 Cal. Rptr. 111, the court held that it would be inconsistent with the purposes of the statute to hold that either the arresting officer or the officers on duty at the police station "were required to turn aside from their other responsibilities and arrange for administration of a belated test when once appellant had refused to submit after fair warning of the consequences." To the same effect, see *Sweeney* v. *Tofany* (1968), 56 Misc. 2d 291, 288 N. Y. Supp. 2d 649; and *Donahue* v. *Tofany* (1969), 33 App. Div. 2d 590, 304 N. Y. Supp. 2d 484.

Appellant also asserts, independent of the question of admissibility of a test for bodily substances taken within two hours, that a person shall not be deemed to have *refused* such a chemical test, within the meaning of R. C. 4511.191(D), if he indicates his consent within a "reason-

able time'' of the request. However, the record herein does not present such a situation. Here, the ''stipulation of facts'' is only to the effect that approximately one-half hour after the refusal appellant ''indicated that he had changed his mind about his original refusal to take the Breathilizer test and that he would submit to a Breathilizer test but that officer Beasley told him it was too late to take the test and that he had already refused.'' We are not faced with a situation where a defendant had almost immediately retracted his refusal and had been denied the test and been told that his belated consent was unacceptable.

We conclude herein that the time limitation in R. C. 4511.19, restricting the admission in evidence of the results of chemical tests of bodily substances for concentration of alcohol to those tests made of bodily substances withdrawn within two hours of the time of operating a vehicle while under the influence of alcohol, is only a restriction on the admission in evidence of the results of such tests, and does not have the effect of extending the time within which an arrested person may choose to submit or refuse to submit to a chemical test under the provisions of R. C. 4511.-191(D). The suspension, pursuant to R. C. 4511.191 of the driver's license of a motorist under arrest for the offense of driving a motor vehicle while under the influence of alcohol for refusing, upon request of a police officer, to submit to a chemical test for alcohol, is not precluded by the fact that after such refusal, but within two hours of the alleged driving violation, the motorist stated that he would submit to the test.

For the reasons stated above, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN and STERN, JJ., concur.

CORRIGAN, J., dissents.