BOWMAN, APPELLANT, *v.*
McCULLION, APPELLEE.

(No. 1997—Decided February 6, 1985.)

*Stephen B. McIlvaine*, for appellant.
*Peggy J. Schmitz*, assistant prosecuting attorney, for appellee.

QUILLIN, J. This is an appeal from the judgment of the Wayne County Municipal Court affirming the suspension of appellant's driver's license by the Registrar of Motor Vehicles because appellant refused to consent to a chemical test for blood alcohol. We affirm.

Appellant, Robert D. Bowman, was involved in a one-vehicle accident between 1:45 and 2:00 a.m. on September 17, 1983. Ohio State Patrol Trooper J. C. Anderson responded to the accident and assisted in removing Bowman from his truck where Bowman was pinned. At that time, Trooper Anderson noticed a strong odor of alcoholic beverage about Bowman and also that Bowman's speech was slurred and his eyes bloodshot. Trooper Anderson then proceeded to the hospital where Bowman was being treated for injuries to ask Bowman to consent to a chemical test for blood alcohol. In the presence of a nurse and one of Bowman's friends, Trooper Anderson read and showed to Bowman the form advising the consequences of a test refusal. Bowman refused to give his consent. Trooper Anderson completed the refusal form by signing it and having the nurse sign as witness at 3:47 a.m. This was approximately two hours after the accident. Some five minutes later, Bowman indicated that he had changed his mind and wanted to take the test. Trooper Anderson refused to give him the test.

Bowman pled guilty in the Wadsworth Municipal Court to the charge of reckless operation. His operator's license was not suspended by the court. However, pursuant to R.C. 4511.191 the registrar suspended Bowman's license for a year for refusing to take the test. Bowman filed a petition in the Wayne County Municipal Court alleging error in the action taken by the registrar. The court denied Bowman's petition and affirmed the suspension. Bowman now appeals.

### Assignment of Error

"Petitioner-appellant agreed to take a chemical test within a reasonable period of time after the request."

Bowman argues that because shortly after his initial refusal he consented to having the test done, his license should not have been suspended. He claims that the retraction of his refusal was consent within a reasonable time and therefore R.C. 4511.191 was not violated.

R.C. 4511.191(D) states very clearly that the registrar shall suspend the license of anyone who, subject to certain conditions not in issue here, refuses to submit to a chemical test. We are not

faced here with the question of when does non-consent amount to a refusal. Rather, we have a clear and unequivocal refusal. We are presented with the question of can a refusal be withdrawn so as to negate that refusal.

While not giving us a precise answer, the Supreme Court in *In re Brooks* (1971), 27 Ohio St. 2d 66 [56 O.O.2d 37], has given us a broad hint. In *Brooks,* the petitioner refused to take a test. But, within half an hour of that refusal, which was approximately one hour after his arrest, he changed his mind and said he would submit to a test. In affirming the trial court, which had upheld the suspension by the registrar, the Supreme Court said at 69:

"* * * the refusal by a motorist, upon the request of a police officer to submit to a chemical test, in violation of the provisions of R.C. 4511.191(D) is unaffected by the fact that such person thereafter makes available to the police officer bodily substances, which would provide a basis for chemical tests which could then be admitted in evidence under R.C. 4511.19."

The court went on to say:

"A similar conclusion has been reached by courts in New York and California, which have comparable statutes. In *Zidell* v. *Bright* (1968), 264 Cal. App. 2d 867, 71 Cal. Rptr. 111, the court held that it would be inconsistent with the purposes of the statute to hold that either the arresting officer or the officers on duty at the police station 'were required to turn aside from their other responsibilities and arrange for administration of a belated test when once appellant had refused to submit after fair warning of the consequences.' To the same effect, see *Sweeney* v. *Tofany* (1968), 56 Misc. 2d 291, 288 N.Y.

Supp. 2d 649; and *Donahue* v. *Tofany* (1969), 33 App. Div. 2d 590, 304 N.Y. Supp. 2d 484."

Recognizing that a too literal reading of the statute could lead to a harsh result without advancing the purpose of the law, the Supreme Court pointedly added at 70:

"* * * We are not faced with a situation where a defendant had almost immediately retracted his refusal and had been denied the test and been told that his belated consent was unacceptable."

What, then, did the court mean when it suggested that a motorist who "almost immediately" retracts his refusal has not for the purpose of R.C. 4511.191(D) refused to submit to a test?

The dictionary definition of "immediately" is "without interval of time; without delay." Webster's Third New International Dictionary (1961) 1129. We believe that no exact time span can or should be equated with "almost immediately." Each case must of necessity stand on its own facts. Due deference must be given to the trial judge's determination of whether a refusal has been timely retracted.

In the case before us now, Bowman was being treated for his injuries; Bowman's friend was being disruptive; and the two-hour time limit from violation to specimen withdrawal (R.C. 4511.191[B]) arguably had or was about to expire.

We find no error in the trial court's finding that Bowman did not timely, *i.e.,* almost immediately, retract his refusal.

The judgment is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and GEORGE, J., concur.