[Cite as *State v. Young*, 2017-Ohio-7051.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16CA24 |
| NICOLE YOUNG | : | 16CA25 |
|  | : |  |
| Defendant-Appellant | : |  |
|  | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Mt. Vernon
Municipal Court, Case Nos. 16CRB00871 &
16TRC03690


JUDGMENT:     Affirmed in part; Reversed and Remanded
in part


DATE OF JUDGMENT ENTRY:     July 31, 2017


APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

P. BROEREN, JR.                      CHRISTINA REIHELD
Law Director                         P.O. Box 532
City of Mount Vernon                 Danville, OH 43014
5 North Gay Street, Ste. 222
Mount Vernon, OH 43050

*Gwin, P.J.*

{¶1}    Defendant-appellant Nicole A. Young ["Young"] appeals her OVI and Possession of Drug Abuse Instruments convictions after a jury trial in the Mount Vernon, Knox County, Ohio Municipal Court.

*Facts and Procedural History*

{¶2}    In the early morning of September 29, 2016, Young encountered Brian Daniel, a security officer at Knox Community Hospital, which is located in the City of Mount Vernon, Ohio.  Mr. Daniel received a report of a van with two women inside in a restricted area of the hospital parking lot.  Mr. Daniel spoke with Young and then watched her drive away.  Based on his concerns from their interaction, he contacted the Mount Vernon Police Department about Young.

{¶3}    A short time later, officers from the police department found Young blocking the drive-thru lane at Long John Silver's restaurant on Coshocton Avenue in the City of Mount Vernon.  Young acted strangely, smelled of alcohol, and appeared to be under the influence of a stimulant.  Young admitted to drinking beer, and the police found an opened beer in her vehicle.  Officer Jessica Butler asked her to perform field sobriety tests, and Young performed them poorly.  Butler arrested Young for OVI.  Young requested a breath test.

{¶4}    During a search of Young's person, Butler located crushed pills, which Young identified as Ritalin, a stimulant.  Before towing Ms. Young's vehicle from the drive-thru area, Officer Zach Miller conducted an administrative inventory of the vehicle.  He found, syringes, a glass pipe with white residue and a glass bowl with white residue, in a bag with a prescription pill bottle belonging to Young.

{¶5}   Officer Butler transported Young to the Knox County Jail.  At the jail, Butler read the BMV 2255 to Young and then requested a urine sample.  Young declined to provide a urine sample, and she was incarcerated.  Upon being placed in the holding cell, Young told the officers that she would take the urine test; however, no test was given to Young.  (T. at 190).

{¶6}   Young was charged with Operating A Motor Vehicle Under the Influence of Alcohol and/or a Drug of Abuse a violation of §333.01(a)(1)(A) of the Codified Ordinances of the City of Mount Vernon Ohio, Operating A Motor Vehicle Under the Influence of Alcohol and/or a Drug of Abuse and Refusing A Requested Chemical Test, After being Convicted of OVI within the Past Twenty Years a violation of §333.01(a)(2) of the Codified Ordinances of the City of Mount Vernon Ohio; Expired Plates a violation of §335.10(a) of the Codified Ordinances of the City of Mount Vernon Ohio; Possession of Drug Abuse Instruments a violation of §513.04(a) of the Codified Ordinances of the City of Mount Vernon Ohio; Possession of Drug Paraphernalia a violation of §513.12(a) of the Codified Ordinances of the City of Mount Vernon Ohio; and Possession of an Open Container of Alcohol in a Motor Vehicle a violation of §529.07(b)(4) of the Codified Ordinances of the City of Mount Vernon Ohio,

{¶7}   At trial Young testified that she had admitted to the officers that she had taken her prescribed Ritalin at least nine hours previously, and had taken a sip of alcohol perhaps eight hours before the stop.  When the officer asked her to do field sobriety tests, Young told the officer that she could not do them, but did not elaborate.  Young explained at trial that she had many problems with her feet that create an inability to balance.

{¶8} The trial court dismissed the expired plates charge upon a Rule 29 motion at the end of the state's presentation of evidence. A jury found Young guilty of operating a vehicle while intoxicated under both sections, possession of drug paraphernalia, and possession of drug abuse instruments, and the court found Young guilty of the minor misdemeanor open container charge.

{¶9} The trial court sentenced Young to fifty days incarceration on the drug abuse instruments conviction, thirty days on the drug paraphernalia conviction (both with credit for thirty-five days already served, both sentences to be served concurrently), and $25 and costs on the open container conviction. The trial court merged the two operating a vehicle while intoxicated charges, and sentenced Young to a $700 fine, one hundred eighty days in jail with thirty five days credit concurrent to the other sentences and one hundred thirty days suspended, a two year license suspension with limited driving privileges, ninety days impoundment of Young's vehicle, and two years of probation, including terms such as attendance at AA or MA meetings, an alcohol and drug assessment, and random drug and alcohol screens.

*Assignments of error,*

{¶10} Young presents two assignments of error for our review,

{¶11} "I. APPELLANT'S CONVICTIONS FOR OVI WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE (I) APPELLANT OFFERED EVIDENCE THAT HER IMPAIRMENT WAS ACTUALLY RELATED TO DEFORMITIES OF HER FEET, HER TIREDNESS, AND HER INJURY TO HER EYE, AND NOT TO USE OF DRUGS OR ALCOHOL, AND (2) THE STATE FAILED TO PROVE THAT APPELLANT UNEQUIVOCALLY REFUSED A CHEMICAL TEST.

{¶12} "II. APPELLANT'S CONVICTION FOR POSSESSION OF DRUG ABUSE INSTRUMENTS WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE STATE FAILED TO OFFER EVIDENCE THAT THE HYPODERMIC NEEDLES WERE ACTUALLY USED BY APPELLANT OR USED TO PREPARE A DANGEROUS DRUG FOR ADMINISTRATION OR USE."

I.

{¶13} In her first assignment of error, Young contends that her conviction for OVI was against the manifest weight of the evidence, specifically that she offered an alternative explanation for her impairment that was not related to use of alcohol and drugs and that her refusal was not "unequivocal."

{¶14} Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.; see also *McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry*, 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017, ¶ 146; *State v. Clay*, 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶ 68.

{¶15} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997-Ohio–355. Weight of the evidence concerns "the inclination of the

greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis sic.) Id. at 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed. 1990) at 1594.

{¶16} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, supra, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" Id.

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶17} Appellant was convicted of a violation of Operating A Motor Vehicle Under the Influence of Alcohol and/or a Drug of Abuse a violation of §333.01(a)(1)(A) of the Codified Ordinances of the City of Mount Vernon Ohio, which states in pertinent part: "(A)(1) No person shall operate any vehicle, * * *, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."

{¶18} The defendant's ability to perceive, make judgments, coordinate movements, and safely operate a vehicle is at issue in the prosecution of a defendant under such section. It is the behavior of the defendant that is the crucial issue. *Newark v. Lucas*, 40 Ohio St.3d 100, 104, 532 N.E.2d 130(1988).

{¶19} The evidence produced at trial supports the inference that Young's consumption of alcohol, a drug of abuse, or a combination of them on the night in question adversely affected her actions, reactions, conduct, movement or mental processes or impaired her reactions to an appreciable degree, thereby lessening her ability to operate her vehicle on the night in question.

{¶20} The initial call was for Young acting erratically and then driving from a hospital parking lot. Young admitted to drinking alcohol. There was an open can of beer

in her vehicle. Young performed poorly on standardized field sobriety tests. She had drugs on her person. The Mount Vernon Police Department found drug paraphernalia in Young's vehicle, in a bag with her prescription pill bottle. Young testified at trial that she had admitted to the officers that she had taken her prescribed Ritalin at least nine hours previously, and had taken a sip of alcohol perhaps eight hours before the stop.

**{¶21}** Young was also convicted of OVI refusal. Young argues that she initially refused the urine test; however, she later changed her mind.

**{¶22}** The jury heard all of the evidence regarding Young's retraction of her initial refusal. The court's instructions permitted the jury to determine, as the finder of fact, whether defendant refused to take the test.

**{¶23}** The trial court provided the jury with a legally correct refusal instruction, and the instruction allowed the jury, as the ultimate finder of fact, to determine whether or not Young refused to submit to a chemical test of her urine. *State v. Munye,* 10th Dist. Franklin No. 14AP-744, 2015-Ohio-3362, ¶20.

**{¶24}** In the case *of In re Brooks* (1971), 27 Ohio St.2d 66, 271 N.E.2d 810(1971) the Supreme Court held:

> The suspension, pursuant to R.C. 4511.191, of the driver's license of a motorist, under arrest for the offense of driving a motor vehicle while under the influence of alcohol, for refusing, upon request of a police officer, to submit to a chemical test for alcohol, is not precluded by the fact that after such refusal, but within two hours of the alleged driving violation, the motorist stated that he would submit to the test.

Syllabus paragraph two.

{¶25} In *Brooks*, the Supreme Court declined to hold that a person could retract a refusal, *Brooks,* at 69. The Supreme Court found that the time elapsed, approximately one-half hour in *Brooks*, was simply too long. The Supreme Court stated "we are not faced with a situation where a defendant had almost immediately retracted his refusal and been denied the test...." *Brooks*, at 70.

{¶26} What constitutes an immediate retraction of a refusal is a question of fact, and "due deference must be given to the trial judge's determination of whether a refusal has been timely retracted." *Bowman v. McCullion*, 21 Ohio App.3d 138, 139, 486 N.E.2d 1225 (9th Dist. 1985). In *Bowman*, the court found no error in the trial court's conclusion that the arrestee had not retracted his refusal when, five minutes after first refusing, the arrestee indicated he had changed his mind and wanted to take the test. In so holding, the court recognized that the Webster's Third New International Dictionary (1961) 1129, defines "immediately" as "without interval of time; without delay." Id. *Accord, Ray v. Ohio Bur. Motor Vehicles,* 5th Dist. Stark No. CA-9381, 1993 WL 500345 (Nov. 29, 21993); *State v. Huffman,* 6th Dist. Wood No. WD-05-007, 2005-Ohio-6005.

{¶27} Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Young Operated A Motor Vehicle Under the Influence of Alcohol and/or a Drug of Abuse a violation of §333.01(a)(1)(A) of the Codified Ordinances of the City of Mount Vernon Ohio and that Young Operated a Motor Vehicle Under the Influence of Alcohol and/or a Drug of Abuse and Refusing A Requested Chemical Test, After being Convicted of OVI within the Past Twenty Years a violation of §333.01(a)(2) of the Codified Ordinances of the City of Mount Vernon Ohio. We hold, therefore, that the state met its burden of

production regarding each element of the crimes and accordingly; there was sufficient evidence to support Young's convictions.

**{¶28}** As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence, upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA–5758, 1982 WL 2911(Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction*, 54 Ohio St.2d 279, 376 N.E.2d 578(1978). The Ohio Supreme Court has emphasized: "'[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.'" *Eastley v. Volkman*, 132 Ohio St.3d 328, 334, 972 N.E. 2d 517, 2012-Ohio-2179, *quoting Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). Furthermore, it is well established that the trial court is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown*, 9th Dist. No. 21004, 2002–Ohio–3405, ¶ 9, *citing State v. DeHass*, 10 Ohio St .2d 230, 227 N.E.2d 212(1967).

**{¶29}** Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'" *State v. Pallai*, 7th Dist. Mahoning No. 07 MA 198, 2008-Ohio-6635, ¶31,

*quoting State v. Woullard*, 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964 (2nd Dist. 2004), ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002-Ohio-1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).

{¶30} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶118. *Accord, Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

{¶31} The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP-739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP-1238, 2003-Ohio-2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the

evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence.  *State v. Jenks, supra.*

**{¶32}**  We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'"  *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717.  The jury neither lost their way nor created a miscarriage of justice in convicting Young of the charges.

**{¶33}**  Based upon the foregoing and the entire record in this matter, we find Young's convictions are not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them.  The jury as the trier of fact can reach different conclusions concerning the credibility of the testimony of the state's witnesses and Young.  This court will not disturb the jury's finding so long as competent evidence was present to support it.  *State v. Walker*, 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978).  The jury heard the witnesses, evaluated the evidence, and was convinced of Young's guilt.

**{¶34}**  Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crimes beyond a reasonable doubt.

**{¶35}**  Young's first assignment of error is overruled.

II.

**{¶36}**  In her Second Assignment of Error, Young alleges that there was not sufficient evidence to find Young guilty of Possession of Drug Abuse Instruments.  We agree.

{¶37} We first note Young did not make a motion for acquittal pursuant to Crim.R. 29(A) at the close of appellee's evidence or at the close of all of the evidence. However, the Ohio Supreme Court has held that a failure to timely make a Crim.R. 29(A) motion during a jury trial does not waive an argument on appeal concerning the sufficiency of the evidence. *State v. Jones*, 91 Ohio St.3d 335, 346, 2001–Ohio–57, 744 N.E.2d 1163; *State v. Carter,* 64 Ohio St.3d 218, 223, 594 N.E.2d 595 (1992). In both *Jones* and *Carter*, the Court stated that the defendant's "not guilty" plea preserves his right to object to the alleged insufficiency of the evidence. Id. We have previously recognized that a Crim. R. 29 motion is not necessary to preserve the issue of sufficiency of the evidence for appeal. *State v. Henderson*, 5th Dist. Richland No. 2013–CA–0409, 2014–Ohio–3121, ¶ 22, *citing State v. Straubhaar*, 5th Dist. Stark No. 2008 CA 00106, 2009–Ohio–4757, ¶ 40.

{¶38} Section 513.04(a) of the Codified Ordinances of the City of Mount Vernon Ohio provides, "[n]o person shall knowingly make, obtain, possess, or use any instrument, article, or thing the customary and primary purpose of which is for the administration or use of a dangerous drug, other than marihuana, when the instrument involved is a hypodermic or syringe ... and the instrument, article, or thing involved has been used by the offender to unlawfully administer or use a dangerous drug, other than marihuana, or to prepare a dangerous drug, other than marihuana, for unlawful administration or use." Young has argued that the state failed to present any evidence that the syringes found in her vehicle had "been used ... to unlawfully administer or use a dangerous drug ... or to prepare a dangerous drug ... for unlawful administration or use."

{¶39} "An essential element of Ohio Revised Code Section 2925.12(A)[1] is that there must be proof that the syringe involved had been used by the offender to unlawfully administer or use a dangerous drug or to prepare a dangerous drug." *State v. Sanders,* 7th Dist. No. 78 C.A. 41, 1978 WL 215018, *1 (June 20, 1978); *Accord, State v. Lorenzo*, 9th Dist. Summit No. 26214, 2012-Ohio-3145, ¶20.

{¶40} In this case, an officer located hypodermic needles in a black bag in Young's vehicle. The officer, however, also clearly stated that he could not tell if the hypodermic needles had actually been used for anything. [T. at 174]. No other evidence was introduced by the state that the needles had been used, that Young had any track marks from use from any needle on her, that any of the prescription drugs located in the vehicle could be illegally injected using a needle, or that Young had used the needles to prepare any drug for administration or use. Since proof of this element was missing, the prosecution has failed in this case.

{¶41} Young's second assignment of error is sustained.

---

[1] The Mount Vernon Ordinance is identical to R.C. 2925.12(A).

{¶42} The judgment of the Mount Vernon Municipal Court is affirmed in part and reversed in part, and this matter is remanded for proceedings consistent with this opinion.

By Gwin, P.J.,

Wise, John, J., and

Baldwin, J., concur